IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS BATTY, | * |
| Petitioner | * |
| v. | * Civil No. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al. | * |
| Respondents | * |

* * * * * * * * * * * * * * * * * * * * * * * *

## REQUEST FOR DISCOVERY IN A HABEAS CORPUS CASE

Petitioner Louis Batty, through counsel, Michael E. Lawlor and Sicilia Chinn Englert, Lawlor & Englert, LLC, moves this Court to Order Respondents to furnish Discovery in this case and in support of the request, states as follows:

1. Mr. Batty filed a *pro se* Petition for a Writ of Habeas Corpus in this Court on February 3, 2003, alleging that the State of Maryland failed to disclose to him the true nature of a plea agreement it had made with the one witness who implicated Mr. Batty in the murder of Maurice Booker and therefore they violated the holding of *Brady v. Maryland*, 373 U.S. 83 (1963).

2. On February 14, 2005, this Court appointed counsel to assist Mr. Batty with this claim, as well as a gateway claim of actual innocence and several claims that may be procedurally defaulted.

SCANNED

3. As discussed fully in Mr. Batty's accompanying Supplement to Petition for Writ of Habeas Corpus, filed with the instant request, Mr. Batty argues that the State of Maryland failed to disclose the full parameters of its agreement with Corey Gaskins regarding his multiple pending criminal cases and that, therefore, habeas corpus relief is warranted.

4. Discovery is appropriate in this case since additional facts may be discovered that will aid the Court in the resolution of this issue. Furthermore, discovery is appropriate because some materials turned over to Mr. Batty's state post-conviction counsel from the Baltimore City Police Department have been edited and are missing what might be relevant information.[1] *See, e.g.*, attached Exhibit A.

5. This Court can order discovery pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases. Discovery is permissible where a petitioner demonstrates "good cause" for habeas discovery and "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899 (1997). The Supreme Court has stated that Rule 6(a) "is meant to be 'consistent' " with its holding in *Harris v. Nelson*, 394 U.S. 286 (1969), in which the Court held that "where specific allegations before the court show reason to believe that the petitioner may,

---

[1] The discovery Petitioner requests at this time may be relevant to both his *Brady* claim and to his claim of actual innocence.

if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at 300).

6. There is good cause for discovery in this case. First, Petitioner's habeas petition alleges a colorable claim of a violation of due process, as well as a claim that he may be factually innocent of these charges (a claim counsel for Petitioner is prepared to prove at the appropriate juncture in this case). Second, the documents provided by the Baltimore City Police Department during state court proceedings are incomplete and there is no indication that the files of the Baltimore City State's Attorney's Office, in both Petitioner's case and in Corey Gaskins cases, were reviewed by State post-conviction counsel. Review of those materials is vital in this case.

WHEREFORE, Petitioner requests that this Court grant the instant request for discovery and order Respondents to disclose to counsel for Petitioner the information listed in the attached Addendum.

Respectfully submitted,

_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, MD 20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2005, a copy of the foregoing Request for Discovery was delivered by first class mail, postage pre-paid to Edward J. Kelly, Esquire, Office of the Attorney General, Criminal Appeals Division, 200 St. Paul Place, Baltimore, Maryland, 21202.

_____
Michael E. Lawlor

# ADDENDUM

1. State's Attorney's file in *State v. Louis Batty*, Case No. 195074002-04

2. State's Attorney's file in *State v. Corey Gaskins*, Case No. 1B00028764

3. State's Attorney's file in *State v. Corey Gaskins*, Case No. 596208005, 06

4. Unredacted files of the Baltimore City Police Department relating to arrest and investigation of Gaskins for both unlawful possession of a handgun (offense date January 25, 1995) and robbery with a deadly weapon (offense date December 24, 1994).

5. Memo from Carolyn Stark-Saxon to Ahmet Hisim re: plea agreement in *State v. Corey Gaskins*, Case No. 596208005, 06 (referenced on page 4 of transcript of Gaskins's guilty plea dated November 26, 1996).

6. Unredacted and "clean copies" of all letters from Corey Gaskins to Detective Oscar Requer, dates unknown.[2]

---

[2] In the trial transcript in Petitioner's case, the court and Ms. Saxon indicate that Mr. Gaskins wrote at least five letters to Detective Requer. *See* Trial Transcript dated 2/14/96 at pp. 168-69. Four letters were made a part of the State post-conviction record in this case, but counsel's copies of some of those letters are unreadable. The fifth letter referenced in the trial transcript if not part of the record.