IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS BATTY, | * |
|     Petitioner | * |
| |     CIVIL ACTION NO. JFM-03-335 |
|     v. | * |
| JAMES V. PEGUESE, WARDEN, et al., | * |
|     Respondents | * |

\*    \*    \*    \*    \*

RESPONSE IN OPPOSITION TO PETITIONER'S
REQUEST FOR DISCOVERY

Respondents, James V. Peguese, Warden, Maryland House of Correction–Annex, and J. Joseph Curran, Jr., Attorney General of the State of Maryland, by undersigned counsel, hereby respond to Petitioner Louis Batty's counseled request for discovery in his federal habeas corpus case. By his motion, Petitioner requests to invoke the process of discovery available under the Federal Rules of Civil Procedure to seek information, which he believes would support his assertions that the State of Maryland violated the dictates of *Brady v. Maryland*, 373 U.S. 83 (1963), by failing "to disclose to him the true nature of a plea agreement it had made with the one witness who implicated [him] in the murder of Maurice Booker. . . ." (Motion at 1). In response to Petitioner's request, Respondents hereby state as follows:

    1.    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904

(1997). Whereas the All Writs Act, 28 U.S.C. § 1651, gives a federal court "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and Justice require,'" the broad discovery provisions of the Federal Rules of Civil Procedure do not apply in habeas proceedings. *Bracy v. Gramley*, 520 U.S. at 904 (quoting and citing *Harris v. Nelson*, 394 U.S. 286, 295, 299-300 (1969)). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a party is entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure only if, and to the extent that, the court in the exercise of its discretion and for good cause shown grants leave to do so. *See In Re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997). A petitioner bears a substantial burden in demonstrating a need for discovery in conjunction with federal habeas corpus review. As discussed in *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991), *cert. denied*, 502 U.S. 1110 (1992), a petitioner must show good cause to warrant discovery. Good cause means that a petitioner must make "a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998), *cert. denied*, 526 U.S. 1013 (1999).

  2. Batty has failed to demonstrate good cause for discovery in the present case. On federal habeas review, this Court is reviewing the determinations made by the state courts for constitutional violations, not conducting a second trial under different rules with different evidence. *See* 28 U.S.C. § 2254 (a), (d), & (e). In other words, Batty's claims are not now in federal court to be litigated anew, *see* 28 U.S.C. § 2254 (d) & (e), and, in fact, habeas review is limited and highly deferential. *Id.*; *accord Meyer v. Lanham*, 27 F.Supp.2d 622,

623 (D. Md. 1998) ("[T]his Court's role in adjudicating habeas corpus petitions is not to act as a court of better practice or as a super-appellate court, but only to conduct the limited review that Congress has authorized in section 2254(d), as amended."), *appeal dismissed*, 181 F.3d 89 (4th Cir. 1999) (table).

3.     In their Answer to Batty's habeas petition, Respondents, pursuant to this Court's Order, furnished "with their answer copies of all relevant records, state court opinions, and transcripts," which included the exhibit list and various exhibits/affidavits from the post conviction file. *See* Exhibits to Respondents' Answer. Thus, this Court has before it sufficient facts to make an informed decision on Batty's federal habeas corpus claims. If Batty believes that post conviction counsel should have pursued different strategic options or should have conducted more complete discovery in state post conviction proceedings, his remedy would be filing a motion to reopen post conviction proceedings in state court based on a claim of ineffective assistance of post conviction counsel, as opposed to seeking discovery in this case. *See* Md. Code Ann., Crim. Pro. Art., § 7-104 (2001) (holding that court may reopen post conviction proceedings "in the interest of justice"); *Stovall v. State*, 144 Md. App. 711, 800 A.2d 31 (holding, based on state law, that ineffective assistance of state post conviction counsel may be grounds for reopening post conviction proceedings), *cert. denied*, 371 Md. 71, 806 A.2d 681 (2002). In sum, Batty's motion seeking discovery of documents in his case is unfounded and unnecessary and should be denied.

WHEREFORE, Respondents respectfully request that this Honorable Court deny Batty's request for discovery.

Respectfully submitted,

J. JOSEPH CURRAN, JR.
Attorney General of Maryland

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August, 2005, a copy of the foregoing Response to Petitioner's Request for Discovery, which was electronically filed on August 5, 2005, was mailed, first class, postage prepaid, to Michael E. Lawlor, Esquire, Lawlor & Englert, LLC, 6305 Ivy Lane, Suite 704, Greenbelt, Maryland 20770.

                                              /s/
                                      EDWARD J. KELLEY
                                      Assistant Attorney General