IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS BATTY, | * |
| Petitioner | * |
| v. | * Civil No. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al. | * |
| Respondents | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL REQUEST FOR DISCOVERY IN A
HABEAS CORPUS CASE AND REQUEST FOR EXTENSION OF TIME**

Petitioner Louis Batty, through counsel, Michael E. Lawlor and Sicilia Chinn Englert, Lawlor & Englert, LLC, moves this Court to Order Respondents to furnish additional discovery in this case and in support of the request, states as follows:

1. On July 29, 2005, counsel for Mr. Batty filed a Request For Discovery In A Habeas Corpus Case.

2. Specifically, Mr. Batty requested the State's Attorney's files in *State v. Louis Batty*, Case No. 195074002-04; *State v. Corey Gaskins*, Case No. 1B00028764 (possession of handgun); and *State v. Corey Gaskins*, Case No. 596208005, 06 (robbery with deadly weapon). Mr. Batty also requested: unredacted police files relating to the arrest and investigation of Gaskins for unlawful possession of a handgun and robbery with a deadly weapon; a memo from Carolyn Stark-Saxon to

Ahmet Hisim regarding Gaskins's cooperation in the Batty case; and unredacted copies of all letters from Gaskins to Detective Oscar Requer.

3. On August 5, 2005, Respondents filed a Response In Opposition to Petitioner's Request For Discovery.

4. Subsequently, during a telephone conference call between the parties and the Court, this Court granted Petitioner's request for discovery.

5. Pursuant to this Court's Order, the State provided all requested discovery, to the degree that the materials were available.

6. Assistant Attorney General Edward Kelley represented to undersigned counsel that the memo from Ms. Stark-Saxon to Mr. Hisim could not be located.

7. This past week, counsel for Mr. Batty reviewed the State's file in *State v. Batty* (item Number 1 in Petitioner's initial request for Discovery). Upon review of that file, undersigned counsel found several letters from Assistant State's Attorney for Baltimore County, Robin S. Coffin, to the Baltimore City State's Attorney's Office, including letters to Ms. Stark-Saxon. Ms. Coffin prosecuted Gaskins's escape from home monitoring case, *State v. Gaskins*, No. 95-CR-0729. Ms. Coffin's letters show that Gaskins's sentencing in his escape case was deliberately delayed until after he testified in Batty's case. The letters from Ms. Coffin are relevant for two reasons: (1) the letters inquire about Gaskins's robbery charge in Baltimore City (the very charge Petitioner's *Brady* claim is centered around); and (2) the letters

raise the possibility of additional *Brady* issues in light of the fact that it appears that the full extent of the benefit conveyed to Mr. Gaskins in his Baltimore County escape charge in exchange for his testimony against Mr. Batty was not fully disclosed.[1]  The file did not, however, contain any correspondence from Ms. Stark-Saxon back to Ms. Coffin.

    8.   Any correspondence between Ms. Stark-Saxon and Ms. Coffin may shed additional light on the parameters of the State's agreement with Gaskins in exchange for his testimony in Batty's trial.

    9.   Undersigned counsel requested, prior to the filing of this Motion, that Respondents turn over to Petitioner files from Baltimore County relating to charges Mr. Gaskins had pending in that jurisdiction at or around the time of Mr. Batty's trial. Counsel for Respondents declined to collect and disclose those files.  There can be no argument of privilege by the State as Mr. Gaskins is deceased and his case files in that jurisdiction would be ten or more years old.

---

[1] For example, Ms. Coffin relates in one letter to the Baltimore City State's Attorney's Office that Mr. Gaskins was originally offered a sentence at the low end of his guideline range (which were 4-8 years).  Later, after he testified against Mr. Batty and after his sentencing in Baltimore County was continued several times, Mr. Gaskins received a time served sentence in that case (much as he did for the robbery charge in Baltimore City).  Of course, the "Memorandum of Understanding" that supposedly outlines the benefit to be extended to Mr. Gaskins advised Mr. Batty **only** that his testimony against Mr. Batty would net him the State's mention to the Baltimore County court of his testimony in Baltimore City.  This is a far cry from the benefit ultimately received by Gaskins.

10. While undersigned counsel would like to avoid further delay in this case, full discovery is necessary to resolve the important *Brady* issue currently before this Court.

11. Due to this request, Mr. Batty's deadline of February 21, 2006 to file any Supplemental pleadings cannot be satisfied. Counsel for Respondents has authorized undersigned counsel to State that he does not object to the extension of time.

WHEREFORE, Petitioner requests that this Court grant the instant request for discovery and order Respondents to disclose to counsel for Petitioner the following:

A. Baltimore County State's Attorney's File in *State v. Gaskins*, No. 95-CR-0729 (charging escape from home monitoring)

B. Any other Baltimore County State's Attorney's Office files relating to cases pending against Mr. Gaskins in 1995 or 1996.

C. All correspondence, memoranda or other documents, between Carolyn Stark-Saxon or other State representative regarding *State v. Corey Gaskins*, Case No. 1B00028764 (possession of handgun); *State v. Corey Gaskins*, Case No. 596208005, 06 (robbery with deadly weapon); and *State v. Gaskins*, No. 95-CR-0729 (escape).

It is further requested that additional briefing on the *Brady* issue be suspended pending resolution of this Motion and the conducting of additional discovery.

        Respectfully submitted,

        S/_____
        Michael E. Lawlor
        Sicilia Chinn Englert
        Lawlor & Englert, LLC
        6305 Ivy Lane
        Suite 704
        Greenbelt, MD 20770
        301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2006, a copy of the foregoing Request for Discovery was delivered by first class mail, postage pre-paid to Edward J. Kelly, Esquire, Office of the Attorney General, Criminal Appeals Division, 200 St. Paul Place, Baltimore, Maryland, 21202.

S/_____
Michael E. Lawlor

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LOUIS BATTY,**              \*
                              \*
    **Petitioner**         \*
                              \*
   v.                         \*     Civil No.  JFM-03-335
                              \*
**JAMES V. PEGUESE, WARDEN, et al.** \*
                              \*
    **Respondents**       \*
                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon consideration of Petitioner's Supplemental Request for Discovery in a Habeas Case, as well as the Petition for a Writ of Habeas Corpus and the Supplement thereto, good cause having been shown, it is this _____ day of _____, 2006, by the United States District Court for the District of Maryland,

ORDERED, that the Request for Discovery is granted; and it is further

ORDERED, that counsel for Respondents shall make the items listed in Petitioner's Request for Discovery available for inspection by counsel for Petitioner within 60 days of the date of this Order.

 

_____
Judge J. Frederick Motz