IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS BATTY, #507566, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al., | * | |
| Respondents. | * | |

\* \* \* \* \*

RESPONSE IN OPPOSITION TO REQUEST FOR EVIDENTIARY HEARING

Respondents, James V. Peguese, former Warden of the Maryland House of Correction-Annex,[1] and J. Joseph Curran, Jr., the Attorney General of the State of Maryland, by undersigned counsel, hereby respond to the request for evidentiary hearing filed on behalf of Petitioner Louis Batty on November 30, 2006. For the reasons set forth below, Batty's request for an evidentiary hearing should be denied.

I.  REASONS FOR DENYING THE REQUEST

"Federal courts sitting in habeas are not an alternative forum for trying facts an issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Accordingly, 28 U.S.C. § 2254(e)(2) states as follows regarding evidentiary hearings in federal habeas proceedings:

> (2)    If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —

---

[1] The Maryland House of Correction - Annex is now known as the Jessup Correctional Institution, and the current warden of that institution is James Smith.

>                (A)     the claim relies on —
>                       (i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>                       (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>                (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements." *Williams v. Taylor*, 529 U.S. at 437. Even so, "the fact that § 2254(e)(2) [does] not prohibit the district court from conducting an evidentiary hearing on [a petitioner's] claims does not translate to a conclusion that [the petitioner is] entitled to a hearing." *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000), *cert. denied*, 531 U.S. 1095 (2001).

In his latest memorandum, Batty readily concedes that two of the issues he now raises – (1) that the State failed to disclose that Gaskins would receive a direct benefit in his pending escape case in exchange for his testimony against Louis Batty and (2) that the State failed to disclose assistance to Gaskins on his handgun possession charge – were not litigated in state court. Batty requests an evidentiary hearing so that he can present evidence relating to these claims for the first time in this Court. This request must be denied.

The record here shows that there was no undisclosed agreement between the State and Gaskins related to Gaskins's escape charge or his handgun possession charge. Batty's state

2

counsel, unlike his current habeas counsel, obviously accepted this fact because there was never any attempt to prove in state court that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that Gaskins testified in exchange for some benefit regarding either of these two charges. The notion that presentation of any claims in this regard was precluded by the prosecution is absurd. These charges were a matter of public record and were known to Batty's trial and post conviction counsel. No amount of caustic rhetoric can overcome the plain fact that Batty, despite opportunity to do so, failed to develop the factual or legal basis for these claims in state court. Thus, an evidentiary hearing as to these claims is not permissible under the law.

By contrast, Batty's claim that the State failed to disclose assistance to Gaskins on his armed robbery charges was fully litigated in state court. Given that Batty was afforded a full and fair hearing in the Maryland state court in which to pursue this claim, his request for an evidentiary hearing regarding this claim in this Court should also be denied. *Fisher v. Lee*, 215 F.3d at 455.

II. CONCLUSION

For the foregoing reasons, this Court should deny the request for an evidentiary hearing filed by Louis Batty.

Respectfully submitted,

\_\_\_\_\_/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2006, a copy of the foregoing Response in Opposition to Request for Evidentiary Hearing, which was electronically filed on December 14, 2006, was mailed, first class, postage prepaid, to Michael E. Lawlor, Esquire, Lawlor & Englert, LLC, 6305 Ivy Lane, Suite 704, Greenbelt, MD 20770.

\_\_\_\_\_/s/_____
EDWARD J. KELLEY
Assistant Attorney General