# Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland 20770
301.474.3404
301.474.3406 (fax)

June 19, 2007

Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

    Re: *Batty v. Peguese*, Civil Action No. 03-335

Dear Judge Motz:

    Per your letter dated May 29, 2007, your Honor requested that I submit a letter by today's date regarding the testimony that would be presented at an evidentiary hearing as well as why such a hearing would be permissible under the habeas statute. I thank you for the opportunity to submit further argument on the issue and apologize if prior submissions were unclear. As discussed in full below, a hearing is necessary in this case as, during the course of these habeas proceedings, Petitioner has learned of additional *Brady* information that has not yet been the subject of an evidentiary hearing, either in the state court or in this Court.

### **Summary of Petitioner's *Brady* Claims**

    Mr. Batty contends the State failed to disclose that, in exchange for his testimony against Mr. Batty, Corey Gaskins would receive favorable treatment in three of his pending cases, to wit:

1. Two counts of armed robbery, two counts of use of a handgun in the commission of a crime of violence, and related offenses, in the Circuit Court for Baltimore County. Mr. Gaskins was facing at least 80 years of imprisonment with a guideline range of 7-13 years. Mr. Gaskins pleaded guilty to a reduced charge of one count of robbery and was sentenced to 7 years, suspend all but 36 months with credit for 22 months served.

2. Possession of a handgun in the Circuit Court for Baltimore County. Not much is known about this charge except that it was placed on the stet docket after the prosecutor in that case apparently consulted with Carolyn Starks-

> Saxon, the prosecutor in Mr. Batty's case. (See Exhibit F to Second Supplement to Petition, telephone message from Leslie Dobres to Starks-Saxon asking what she should do with the handgun possession case).

> 3. Escape and related charges in the Circuit Court for Baltimore County. Mr. Gaskins was originally offered a sentence of 4 years in exchange for his guilty plea. Mr. Gaskins pleaded guilty with the understanding that he would receive favorable treatment after he testified against Mr. Batty. Sentencing on the escape charge was repeatedly postponed until after Gaskins testified in Mr. Batty's case. Ultimately, Mr. Gaskins received a sentence of 90 days.

While the first issue was litigated in a state post-conviction proceeding, the second and third issues came to light only after this Court granted discovery during the instant federal habeas proceeding. This Court can grant an evidentiary hearing on the first issue that was previously litigated in state court because the state court's fact-finding on this issue is completely inadequate. Further, an evidentiary hearing is appropriate in this Court on the second and third *Brady* issues because they have never before been the subject of a fact-finding hearing in any court and Petitioner is not at fault for raising them for the first time in this Court. Petitioner's legal basis for a hearing is set forth below.

### Legal Basis for an Evidentiary Hearing

An evidentiary hearing is required in a federal habeas corpus case if: (1) Petitioner is not at fault for not developing the facts in state court; (2) the petition alleges facts that, if true would entitle him to relief; and (3) the petitioner establishes one of the six factors in Townsend v. Sain, 372 U.S. 293 (1963) (overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992) (in turn superceded by AEDPA). See Walker v. True, 399 F.3d 315 (4th Cir. 2005); Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002).

The provision of the habeas statute addressing and precluding, in some instances, evidentiary hearings, 28 U.S.C. § 2254(e)(2), applies only if a petitioner is at fault for failing to develop the record in state court. The statute is not applicable here because Mr. Batty is not at fault and did not fail to develop the state record. Section 2254(e)(2) provides:

> **If the applicant has failed to develop the factual basis of a claim in State court proceedings**, the court shall not hold an evidentiary hearing on the claim unless the application shows that –
>
> (A) the claim relies on –
> > (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

(emphasis added).

In Williams v. Taylor, 529 U.S. 420 (2000), the Supreme Court held that the requirements of Section 2254(e)(2) apply only to those petitioners who are **at fault** for failing to develop the state record. The statute does not apply to a prisoner who pursued a claim with diligence but the state record remained undeveloped, for example, because the prosecution concealed the facts See id. at 434. Further, the question is not whether the facts could have been discovered earlier, but whether the Petitioner was at fault for not developing the facts. Id. at 435.

In this case, the lack of a state court record on Petitioner's second and third *Brady* claims is squarely and solely attributable to the State. The State not only failed its obligation to disclose its agreement with Gaskins on his escape and handgun possession cases, but actively sought to conceal the true and complete nature of its agreement at every stage of the proceedings in this case. The State repeatedly argued at trial, and at Mr. Batty's post-conviction hearing, that the Memorandum Agreement memorialized the entire agreement between the State and Mr. Gaskins. At Mr. Batty's trial, Ms. Starks-Saxon went so far as to elicit testimony from Detective Oscar Requir that Gaskins had already finished serving his time on the escape charge, indicating that Gaskins's escape case was over and done with. See Trial Transcript 2/14/96 at 41; Second Supplement to Petition pp. 7-8. It was only after this Court's Order granting discovery that Petitioner found evidence that the State treated Gaskins more leniently in his escape and handgun possession cases in exchange for his testimony against Mr. Batty.

In Banks v. Dretke, 540 U.S. 668 (2004), a case arising prior to the AEDPA, the Supreme Court held that the petitioner had established cause for not developing the record in state court by relying on prosecutors' representations that everything had been disclosed. The Court in that case stated:

> In summary, Banks's prosecutors represented at trial and in state postconviction proceedings that the State had held nothing back. Moreover, in state postconviction court, the State's pleadings denied that Farr was an informant . . . It was not incumbent on Banks to prove these representations false; rather Banks was entitled to treat the prosecutor's submissions as truthful. Accordingly, Banks has shown cause for failing to present evidence in state court capable of substantiating his Farr *Brady* claim.

Id. at 198 (internal citations omitted). Banks was a pre-AEDPA case in which an evidentiary hearing was held in the federal district court. The prosecution's withholding of evidence is nonetheless relevant to determination that the petitioner is not "at fault" for failing to develop the state record.

> If the opening clause of § 2254(e)(2) covers a request for an evidentiary hearing on a claim which was pursued with diligence but remained undeveloped in state court because, for instance, the prosecution concealed the facts, a prisoner lacking clear and convincing evidence of innocence would be barred from a hearing on the claim even if he could satisfy § 2254(d). . . The "failed to develop" clause does not bear this harsh reading . . .

Williams, 529 U.S. at 434 (internal citation omitted). In this case, Mr. Batty relied on the State's repeated representations that no impeachment evidence had been withheld. It cannot be said, therefore, that Mr. Batty failed to develop the factual basis for his claim in state court pursuant to section 2254(e)(2).

Because Mr. Batty did not "fail to develop" the facts in state court, whether or not he is entitled to a hearing is determined not by the AEDPA, but by case precedent dating from the Supreme Court's decision in Townsend v. Sain, 372 U.S. 293 (1963). See Williams, 529 U.S at 443; Walker v. True, 399 F.3d 315, 326 (4th Cir. 2005). "Under Supreme Court and circuit precedent, an evidentiary hearing is required if [petitioner] 'alleges . . . facts that, if true, would entitle[] him to relief and establishes one of six factors set out by the Supreme Court in Townsend v. Sain . . ." Id. at 327 (quoting Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000)).

In Townsend, the Supreme Court held that:

> [A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. at 313.[1] A hearing is required on Mr. Batty's second and third Brady claims because they are based on newly discovered evidence (the fourth Townsend factor) that came to light only after this Court granted discovery and Mr. Batty is not at fault for the lack of factual development in the state court record.

Additionally a hearing is required on Mr. Batty's first claim because the state factual

---

[1] Townsend was modified by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), and the AEDPA to the extent a petitioner fails to develop the state record as has already been discussed.

determination is not supported by the record as a whole (the second Townsend factor). The state post-conviction court disposed of the first Brady claim in a single sentence stating, "there was no evidence of anything other than the actual plea agreement made between the State and Corey Gaskins and that was disclosed." Memorandum of Post-Conviction Court, pp. 5-6. The post-conviction court's statement that there was "no evidence" of anything other than the disclosed plea agreement is contradicted by the record. At the post-conviction hearing, Michael Montemorano, Gaskins's attorney for his robbery case, testified that Gaskins was assured by Detective Oscar Requir that his robbery charge would be dismissed or that he would otherwise receive favorable treatment. The post-conviction court failed to make sufficient findings of fact regarding this evidence.

Even if this Court determines that a hearing is not required under Townsend, this Court may nevertheless exercise its discretion to hold an evidentiary hearing. See Lonchar v. Thomas, 517 U.S. 314, 326 (1996) (stating that a district court is afforded a degree of discretion to hold an evidentiary hearing).[2]

### Witnesses to be Presented at an Evidentiary Hearing

Should this Court grant an evidentiary hearing, Petitioner would call the following witnesses to testify:

Carolyn Starks-Saxon

Ms. Starks-Saxon's testimony is relevant to showing cause for the procedurally defaulted claims as well as the substance of the Brady violation. Ms. Starks-Saxon has never had to answer questions regarding the State's lenient treatment of Gaskins regarding his escape and gun possession cases, or, for that matter on the robbery case. Through discovery, undersigned counsel located correspondence between Ms. Starks-Saxon and Robin Coffin, Assistant State's Attorney for Baltimore County, who prosecuted the escape charge. The correspondence reveal that Ms. Coffin initially offered Mr. Gaskins four years' incarceration in exchange for his guilty plea to escape. However, after learning of Gaskins's cooperation in the Batty trial, sentencing for the escape charge was postponed repeatedly so that it could be held after Gaskins testified in Batty's trial. Additionally, discovery revealed that Ms. Saxon was apparently consulted before Gaskins's handgun

---

[2] In addition to the *Brady* claims, Mr. Batty raised three additional issues in his *pro se* §2255 Motion that the Court held were procedurally defaulted but would be reviewed on the merits if Petitioner could show either cause and prejudice for their default or could show that he actually innocent of the charges. As noted in prior pleadings, and as noted below, Petitioner submits that he can satisfy the burden of proving that he is actually innocent of the charges for which he is convicted. Accordingly, should the Court grant an evidentiary hearing on the matters currently pending before it, a status conference may be helpful to establish the issues on which the Court would hear evidence.

possession charge was put on the stet docket and not prosecuted.  Ms. Starks-Saxon's efforts on behalf of Mr. Gaskins vis-a-vis his Baltimore County case were never revealed to counsel for Mr. Batty.

Robin Coffin, Assistant State's Attorney for Baltimore County

Ms. Coffin prosecuted Gaskins on the escape charge.  Initially, she offered him four years of incarceration in exchange for his guilty plea.  After being informed that he was a critical witness against Mr. Batty, Ms. Coffin offered to hold sentencing sub curia until after Gaskins testified in Mr. Batty's trial.  After the conclusion of Mr. Batty's trial, Gaskins was sentenced to 90 days, all of which he had served, and was released.  Ms. Coffin has never testified in any proceeding with respect to Mr. Batty's case.

Debra Michael, Assistant Public Defender

Ms. Michael represented Mr. Gaskins in his escape case and agreed to have Mr. Gaskins's sentencing postponed repeatedly until after he testified in Mr. Batty's trial.

Detective Oscar Requir

Mr. Requir testified in Mr. Batty's trial that the Memorandum Understanding incorporated the entire agreement between Mr. Gaskins and the State.  Mr. Requir's testimony suggested that at the time Mr. Gaskins testified in Mr. Batty's trial, the escape charge was no longer pending and that Mr. Gaskins had finished serving his time on the escape charge.  In fact, Mr. Gaskins was still awaiting sentencing for the escape charge.  Mr. Requir has never been questioned about his testimony at Mr. Batty's trial nor has he had to answer questions about the benefit Mr. Gaskins received on his escape and handgun charges.

Angela Shelton

Ms. Shelton represented Mr. Batty at his state trial in this matter and made repeated requests for full disclosure of any remuneration offered to Gaskins in exchange for his testimony against Mr. Batty.  Ms. Shelton would testify that the full extent of Gaskins' reward for his testimony against Mr. Batty was never revealed to her.

Juanita Broadway ("Hawaii")

Ms. Broadway's testimony is relevant to Mr. Batty's claim of actual innocence.  Ms. Broadway would testify that Mr. Batty was with her on the corner of Reisterstown Road and Virginia Avenue when the shooting of the victim occurred.  Ms. Broadway has been interviewed by counsel for Mr. Batty and has signed an affidavit to this effect.

In conclusion, proceedings in this Court have revealed that, notwithstanding efforts made by Mr. Batty's state post-conviction lawyer, the full extent of the deal made between

the State and Gaskins was not known until this Court required full discovery of the State's dealings with Gaskins in both Baltimore City and in Baltimore County. While Petitioner submits to this Court that the record presently before the Court sufficiently demonstrates that the State willfully and repeatedly violated the holding of *Brady*, and that Petitioner was prejudiced by the State's misconduct, an evidentiary hearing is necessary and would be beneficial to this Court's determination of the issues.

        Sincerely,

        /S

        Michael E. Lawlor

cc:   Edward J. Kelly, Esq.