IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS BATTY, | * |
| Petitioner | * |
| v. | * Civil No. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al. | * |
| Respondents | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PETITIONER'S REPLY TO RESPONDENTS' RESPONSE IN
OPPOSITION TO REQUEST FOR EVIDENTIARY HEARING**

Petitioner Louis Batty, through counsel, Michael E. Lawlor and Sicilia Chinn Englert, Lawlor & Englert, LLC, files this Reply to the Respondents' Response to Mr. Batty's letter to the Court dated June 19, 2007 concerning the request for an evidentiary hearing in this Court.

Respondents' latest pleading adds little to the issue on which the Court sought further briefing. Rather, if the Respondents' pleading accomplishes anything, it supports the need for an evidentiary hearing inasmuch as Respondents levy a host of factual assertions at the Court, very few of which are accompanied by record support. Instead, the unsupported claims made by Respondents demonstrate why this Court ought to hold a hearing on the issues in this case – to clarify the nature of the agreement made with Gaskins and the extent to which that agreement was disclosed

to Mr. Batty.

Initially, Respondents' position that an evidentiary hearing is "not permitted" on Petitioner's two Brady claims that were not litigated in state court is contrary to Supreme Court precedent in Williams v. Taylor, 529 U.S. 420 (2000), and Banks v. Dretke, 540 U.S. 668 (2004). While 28 U.S.C. § 2254(e)(2) mandates certain criteria that a Petitioner must meet if he or she has failed to develop the factual basis for the claim in state court, Section 2254(e)(2) applies if and only if the petitioner is at fault for failing to develop such facts.

By any reading of Williams and Dretke, a Petitioner is not at fault, and the requirements of Section 2254(e)(2) do not apply, where, as here, the record remained undeveloped in state court because of the States's repeated representations that everything about Gaskins's deal had been disclosed. While Respondents would prefer to lay at the feet of Petitioner the failure to be made aware of the panoply of sentence reductions the State bestowed upon Gaskins in exchange for his testimony against Mr. Batty, the record reveals instead that at every turn of the proceedings in this case, Petitioner asked for any and all information about any remuneration being given to Gaskins. Prior to trial, Petitioner's trial counsel made pointed requests for the nature and extent of any deal with Gaskins. See Exhibit C, attached to Petitioner's First Habeas Supplement. On top of the limited and false disclosure

made in response by the State, Gaskins testified at trial and denied having any deal with the State save for credit for time served. See Petitioner's First Habeas Supplement at pp. 18-21. Detective Requer also testified at trial and advised the jury that "[t]he reason we did that was to make it perfectly clear to you and the Judge and everything our agreement with him, and that's why we reduced it to writing, so there's no mistake what we agreed to." See Petitioner's First Habeas Supplement at pp. 16-18, 22. Finally, Carolyn Stark Saxon advised the Court at Petitioner's post-conviction hearing (reprinted by Respondents at pp. 6-9 of their Response to Supplemental Petitions for Writ of Habeas Corpus, that "[a]nd I told him [Gaskins] that we would tell the court whoever was the judge when he had the robbery charges that he had testified for us in the murder case, but that's it. **Nothing more, nothing less.**" *Id.* at 8 (emphasis added).

It was only revealed that Gaskins had entirely separate deals, involving his handgun offense and his escape charge (in another county), when this Court ordered discovery in this matter and undersigned counsel were made aware of, among other things, communication between the Baltimore County State's Attorney's Office and Ms. Stark Saxon. Further discovery ordered by this Court made clear that Gaskins received favorable treatment in this Baltimore County escape case, a fact never even mentioned by the State prior to trial or at the post-conviction hearing. To the

3

contrary, the State repeatedly maintained in State proceedings that all information was disclosed to Batty. This, we now know, was false.

Currently, Respondents position seems to be not that the State did not fail to disclose the information concerning the handgun offense and the escape offense, but rather that it is Batty's failure to discover this fact that is the true problem. However, both the Supreme Court and the United States Court of Appeals for the Fourth Circuit have held that it is not the fault of a Petitioner to rely on misrepresentations of the State in such circumstances.

The law presumes that prosecutors have "fully discharged their official duties," and allows parties to act on that presumption. *Strickler v. Greene*, 527 U.S. 263, 286-87 (1999). For this reason, it is not incumbent upon the prisoner to discover exculpatory evidence withheld by the State and its agents; rather, it is the State's duty to disclose such evidence in the first instance. "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." *Banks v. Dretke*, 540 U.S. 668, 696 (2004). *See also id.,* at 695 ("Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed."). A petitioner's failure to discover *Brady* claims is therefore excused absent reasonable notice the evidence has been withheld. *Id.* at

692-94. *See also Walker v. Kelly*, 2006 WL 2460855 (4th Cir. Aug. 24, 2006) (unpublished); *Bell v. Bell* 460 F.3d 739 (6th Cir. 2006); *Monroe v. Angelone*, 323 F.3d 286, 298 & n.17 (4th Cir. 2003); *Scott v. Mullin*, 303 F.3d 1222, 1228-29 (10th Cir. 2002); *Jamison v. Collins*, 291 F.3d 380, 385-88 (6th Cir. 2002) (all finding "cause" when a *Brady* claim, or the evidence underlying it, has gone undiscovered until federal habeas proceedings -- so long as the petitioner lacked reasonable notice of the claim in state court).[1]

Petitioner has spent over a decade in prison in this case on the strength of one witness – a serial felon who lied to the jury about the deal he cut with the State and whose testimony about the murder of the victim was inconsistent with the evidence. The jury that convicted Mr. Batty of this crime was not privy to the true nature of the deal the State made with Gaskins. It is due to the State's failure to disclose this information, and for no other reason, that the jury was left in the dark. Now that the

---

[1] In the spirit of throwing mud at the wall and hoping that some will stick, Respondents also suggest in passing that the remuneration given to Gaskins on his handgun and escape cases do not constitute *Brady* material. To the degree this is Respondents' suggestion, it is plainly wrong. It is well settled that the prosecution's duty under *Brady* includes the obligation to disclose information useful to the impeachment of government witnesses. *See Giglio v. United States*, 405 U.S. 150 (1972). "Evidence that can be used to impeach a witness is unquestionably subject to disclosure under *Brady*." *Spicer v. Roxbury*, 194 F.3d at 556 (citing *Strickler*, 527 U.S. at 280). Courts have also recognized that even without an explicit agreement, any type of "wink and a nod" implicit agreement violates *Brady*. *See Giglio v. United States*, 405 U.S. 150, 155 (1972) (prosecutor's duty to disclose applies to *any* understanding or agreement between the witness and the State even if the agreement or understanding is not formal or detailed).

truth has come to light, this Court should hold a hearing to determine the truth and to make appropriate factual findings. An evidentiary hearing is required.

Respectfully submitted,

S/_____
Michael E. Lawlor
Sicilia Chinn Englert
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2007, a copy of the foregoing Reply was delivered, via ECF, to Edward J. Kelly, Esquire, Office of the Attorney General, Criminal Appeals Division, 200 Saint Paul Place, Baltimore, Maryland 21202.

S/_____
Michael E. Lawlor