IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS BATTY, #507566,                       *

      Petitioner,                       *

v.                                          *     CIVIL ACTION NO. JFM-03-335

JAMES V. PEGUESE, WARDEN, et al.,           *

      Respondents.                     *

          *    *    *    *    *

## MOTION TO STAY AND HOLD FEDERAL HABEAS CORPUS PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES

Respondents, James V. Peguese, former Warden of the Maryland House of Correction-Annex,[1] and Douglas F. Gansler, the Attorney General of the State of Maryland, by undersigned counsel, in light of the substantive conclusions addressed in this Court's Memo to Counsel dated December 4, 2007 ("Memo"), hereby formally request that Petitioner Louis Batty's federal habeas corpus proceedings be stayed and that proceedings related to that petition be held in abeyance so that Batty can fully exhaust available state court remedies related to his claims that the prosecution failed to disclose an agreement to provide assistance to a witness, Corey Gaskins, on a Baltimore County escape charge and a Baltimore City handgun charge in exchange for Gaskins's testimony at Batty's murder trial. In support, Respondents state as follows:

---

[1] The Maryland House of Correction - Annex is now known as the Jessup Correctional Institution, and the current warden of that institution is Robert Koppel.

1.      In this Court's Memo dated December 5, 2007, this Court indicated that it believed that "a *Brady* violation occurred during Louis Batty's trial for murder."  Memo at 1.  In support of this belief, this Court, inter alia, stated that Detective Oscar Requer had requested that a Baltimore County prosecutor ask the trial court in Gaskins's escape case to take into consideration at sentencing Gaskins's cooperation in Batty's murder trial.  *Id*.  This Court also stated that the "evidence uncovered in the most recent discovery suggests the State may have further failed to disclose a deal regarding Gaskins [Baltimore City] handgun charge."  *Id*.  This Court opined that this consideration was not set forth in the Memorandum of Understanding admitted at Batty's trial that was stated to constitute the "entire agreement" between Gaskins, Requer, and Assistant State's Attorney Carolyn Stark-Saxon.  *Id*.  This Court confirmed that evidence to this effect was adduced for the first time in federal habeas corpus proceedings through the efforts of Batty's appointed habeas counsel.  *Id*. at 3.

2.      On page 2 of its Memo, this Court accepted that "Batty did not adequately present to the State post-conviction court evidence concerning the disposition of Gaskins's Baltimore County escape case."   This Court went on to excuse Batty for this failing, stating: "[T]he law is clear that a defendant may rely upon the State's representations (both at trial and during State post-conviction proceedings) that no *Brady* violations have occurred, and that misrepresentations made by the State on this issue constitute cause for a defendant's failure to pursue a *Brady* claim in the State court proceedings."  *Id*.

3.      On page 3 of its Memo, this Court acknowledged Respondents' position that Batty's claim, if not defaulted, is unexhausted.  The Court characterized Respondents'

position thusly: "Respondents have suggested that if I am of the view that a *Brady* violation

may have occurred, I should direct Batty to file a motion under Maryland Code, Criminal

Procedure Section 7-104 to reopen his post-conviction proceeding on the ground that

reopening is 'in the interests of justice.' Md. Code Ann., Crim. Pro. § 7-104." Letter at 3

n.4. This Court rejected that argument, as characterized, for the following reasons:

> In my judgment this course of action would result in an unfair and unnecessary
> waste of Maryland's judicial resources. As stated in the text of this letter, in
> order for me to entertain Batty's federal post-conviction action in light of his
> procedural default in not fully presenting evidence about the disposition of
> Gaskins' Baltimore County case in his State post-conviction proceeding, I
> must myself first make the very finding that I would be asking the Maryland
> courts to make under Section 7-104: that a *Brady* violation in fact occurred.

*Id*.

4.    To clarify, Respondents have argued previously that Batty's claims relating to

the escape charge and the handgun charge are procedurally defaulted because Batty did not

raise these claims in state court despite opportunity to do so. Respondents have also argued,

however, that, if the evidence underlying these claims was indeed undiscoverable in time to

present these claims and evidence in prior state court proceedings, then Batty's claims should

be treated as unexhausted because, in that scenario, state court review remains viable. Md.

Code Ann., Crim. Proc. Art., § 7-104 (2007) (providing that post conviction proceeding may

be reopened in the interests of justice); *Booth v. State*, 346 Md. 246, 247 (1997) (ordering

circuit court to reopen post conviction proceedings to consider Booth's *Brady* issue on its

merits); *cf. Grandison v. State*, 390 Md. 412 (affirming circuit court's merits review of *Brady*

claim brought pursuant to several motions, including a motion to reopen post conviction

proceedings), *cert. denied*, 127 S.Ct. 382 (2006).

5.      This Court has now indicated that Batty has established "cause" for not previously presenting his claims in state court on the basis that the evidence at issue was not discoverable in time to present these claims and evidence in prior state court proceedings. Memo at 2. Assuming for the purposes of this motion only that this Court's assessment is correct, it only reinforces Respondents' position that Batty must now return to State court and exhaust these claims before this Court may grant or deny him relief.

6.      The Fourth Circuit's opinion in *Wise v. Warden*, 839 F.2d 1030 (4th Cir. 1988), is certainly instructive, if not dispositive, on this issue. In that case, Wise, like Batty, produced evidence supporting his claim of failed disclosure by the prosecution for the first time in federal habeas corpus proceedings. *Id*. at 1032. In reviewing the district court's denial of habeas corpus relief on procedural grounds, the Fourth Circuit assessed, as a threshold matter, the issue of exhaustion:

> The purpose of the exhaustion doctrine is not to create new hoops through which habeas petitioners must jump. Rather, a requirement of exhaustion protects the primary role of the states in the administration of their criminal justice systems. For the doctrine to accomplish its purposes, the state courts must be given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [a petitioner's] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 277-78, 92 S.Ct. 509, 513-14, 30 L.Ed.2d 438 (1971)).
>
> The exhaustion doctrine is not satisfied where a federal habeas petitioner presents evidence which was not presented to the state court and which places his case "in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Brown v. Estelle*, 701

> F.2d 494, 495 (5th Cir. 1983). *See also Sampson v. Love*, 782 F.2d 53, 56 (6th Cir.), *cert. denied*, — U.S. — 107 S.Ct. 159, 93 L.Ed.2d 98 (1986); *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982); *Domainque v. Butterworth*, 641 F.2d 8, 12 (1st Cir. 1981). A claim is not rendered unexhausted simply because "bits of evidence" were not presented to the state courts. *Jones*, 681 F.2d at 694. However, when critical evidence is presented for the first time to a federal habeas court, it cannot be said that the petitioner has "'fairly presented' to the state courts the 'substance' of his federal claim." *Anderson*, 459 U.S. at 6, 103 S.Ct. at 277. To make federal habeas relief available in such circumstances would undermine the policies of comity and efficiency that underlie the exhaustion doctrine.

*Id*. at 1033; *see also, e.g.*, *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)) ("'Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.'"); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (although habeas corpus petitioner will be allowed to present "bits of evidence" to federal court that were not presented to state court that first considered the claim, pursuant to exhaustion doctrine, evidence that places claims in significantly different legal posture must first be presented to state courts); *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.) (holding that "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of previously asserted legal theory" be first presented to state court), *cert. denied*, 479 U.S. 1010 (1986).

Given that the evidence presented by Wise for the first time in federal habeas proceedings "significantly alter[ed]" the posture of Wise's claim, the Court held that the exhaustion doctrine dictated that the state court "be given an opportunity to evaluate the

claims in its new posture and to make the relevant findings of fact to which the federal courts

must defer. *See Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722

(1981)." *Wise*, 839 F.2d at 1034. The Fourth Circuit specifically dismissed the notion that

a prior state court finding of waiver with regard to Wise's claim of withheld evidence

rendered additional state court proceedings futile:

> The recent discovery of the written agreement and Mack's statement
> may lead the state court to reconsider its finding of procedural default. An
> allegation of error is not waived under the Maryland procedural default statute
> unless the petitioner has "intelligently and knowingly failed to make such
> allegation." *Id*. In determining whether a petitioner has made a "knowing and
> intelligent" waiver, a court must determine "whether he was previously 'aware
> of and understood the possible defense.'" *Curtis v. State*, 284 Md. 132, 140,
> 395 A.2d 464, 469 (1978). The discovery of the agreement and the statement
> may be relevant to this inquiry, and the state court must be given an
> opportunity to consider them in determining whether Wise had waived his
> claim under state law. *See Sampson*, *supra*, 782 F.2d at 58 ("where the state's
> remedial process is open to interpretation with respect to the availability of
> relief via that process, the state should be given an opportunity to adopt that
> interpretation.").
>
> In addition, the failure to raise a claim under Maryland law may be
> excused because of "special circumstances." The Maryland courts may wish
> to reassess those circumstances in light of the newly discovered evidence in
> this case. The "special circumstances" standard applicable in cases of
> procedural default under Maryland law parallels the "cause" prong of the test
> set forth in *Wainwright*. *See also Murray v. Carrier*, 477 U.S. 478, 106 S.Ct.
> 2639, 2644-46, 91 L.Ed.2d 397 (1986) (default of a claim pursuant to a tactical
> decision does not constitute cause, but cause is shown where "some objective
> factor external to the defense impeded counsel's efforts to comply with the
> state's procedural rule"). Should the state courts determine that Wise is in fact
> procedurally barred from pursuing further state relief, a federal court
> reviewing any future habeas petition by Wise will be required to determine
> whether Wise had "cause" to excuse his procedural default. State court
> findings of fact under the "special circumstances" standard may materially

assist this inquiry.

*Id.* at 1035.

Ultimately, the Fourth Circuit remanded the case with the directive that petitioner exhaust his claim in state court. *Id.* This relief was obligatory because the "state courts of Maryland, in which Wise's trial was conducted and which have entertained seven petitions for post-conviction relief, are entitled to the opportunity to assess both the procedural posture of the claim and, if warranted, its merits." *Id.*

7.       The reasoning applied in *Wise* seemingly compels that Batty's case be stayed so that Batty can exhaust his significantly altered *Brady* claim that now relies substantially, if not fully, on evidence related to the handgun and escape charges (particularly the latter) that was not previously presented to a state court. Rather, as this Court recognized in its Memo, evidence supporting these claims was unearthed for the first time in the federal habeas corpus discovery. In fact, Section 7-104 of the Criminal Procedure Article of the Maryland Annotated Code, as construed by the Maryland Court of Appeals, specifically contemplates that litigants in Batty's position may obtain review of such claims by filing a motion to reopen post conviction proceedings. Crim. Proc. Art., § 7-104; *Booth*, 346 Md. at 247. Whether this Court believes that such proceedings would constitute "an unfair and unnecessary waste of Maryland's judicial resources," Memo at 3, is not controlling. Rather, as set forth in *Wise*, the exhaustion doctrine dictates that the Maryland courts be given, at the very least, the opportunity to evaluate the procedural and/or substantive validity of Batty's claims based on this new evidence. 839 F.2d at 1033–35. Given the posture of this case, a

stay, as opposed to dismissal, is the appropriate relief.  *Rhines v. Weber*, 544 U.S. 269, 276-

79 (2005)  (discussing the propriety of staying a "mixed" habeas petition).[2]

## II.  CONCLUSION

For the foregoing reasons, this Court should stay the case and hold proceedings in

abeyance until Batty fully exhausts his current claims in state court.

Respectfully submitted,

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039


Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

---

[2]Respondents emphasize that the requested stay is not sought simply to delay an unfavorable outcome in the case.  To the contrary, if Respondents' position is correct, failure to stay these proceedings pending further state court action will constitute reversible error, which could potentially prolong this litigation much further.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December, 2007, a copy of the foregoing Motion to Stay and Hold Habeas Corpus Proceedings in Abeyance Pending the Exhaustion of State Remedies and Proposed Order, which was electronically filed on December 10, 2007, was mailed, first class, postage prepaid, to Michael E. Lawlor, Esquire, Lawlor & Englert, LLC, 6305 Ivy Lane, Suite 704, Greenbelt, MD 20770.


_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General