IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS BATTY, | * |
| Petitioner | * |
| v. | * Civil No. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al. | * |
| Respondents | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO STAY AND HOLD FEDERAL HABEAS CORPUS PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner Louis Batty, through counsel, Michael E. Lawlor and Sicilia C. Englert, Lawlor & Englert, LLC, files this Opposition to Respondent's Motion to Stay and Hold Federal Habeas Corpus Proceedings in Abeyance Pending Exhaustion of State Remedies, filed on December 10, 2007.

Respondents rely on *Wise v. Warden*, 839 F.2d 1030 (4th Cir. 1988), for the proposition that "the exhaustion doctrine dictates that the Maryland courts be given, at the very least, the opportunity to evaluate the procedural and/or substantive validity of Batty's claims based on this new evidence." Government's Motion at p. 7. While exhaustion is a well established principle in habeas proceedings, so too, is the doctrine that a federal court may reach the merits of claims not exhausted in state

court upon a petitioner's showing of cause and prejudice. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Keeny v. Tamayo-Reyes*, 504 U.S. 1 (1992). Respondents' Motion to Stay conspicuously omits any discussion of *Banks v. Dretke*, 540 U.S. 668 (2004), cited extensively in Petitioner's pleadings in this Court and by the Court in its recent Memo to Counsel, dated December 4, 2007. Respondents also ignore a string of Fourth Circuit cases applying *Banks* to cases with facts like those in the instant case.

As stated in *Banks*, "a petitioner shows 'cause' when the reason for his failure to develop facts in state-court proceedings was the State's suppression of the relevant evidence." *Banks*, 540 U.S. at 691. The Supreme Court held that the petitioner in *Banks* had shown "cause" for not presenting his claims in the state post-conviction court because the state continued to hide the informant status of its witness and represented that it had complied with its *Brady* obligations. The Court noted that Banks's case was strengthened even further because the state failed to correct its witness's untruthful testimony. *Id.* at 694.

All of the elements noted by the Court in *Banks* are squarely present in Batty's case. At trial, the state failed to correct Gaskins's false testimony that the only benefit he would receive in exchange for testifying against Batty was that contained in the Memorandum of Understanding. The state failed to correct Detective Oscar Requer's

2

false testimony that the Memorandum contained the entire agreement and further failed to correct Requer's false impression that Gaskins's escape case was over at the time of Batty's trial. All the while, the prosecutor knew that Gaskins's had been promised a benefit in his escape case and that Gaskins's sentencing was postponed repeatedly until after he testified against Batty. The same prosecutor represented to the post-conviction court that everything was disclosed in the Memorandum and no other remuneration was provided to Gaskins. Batty was entitled to rely upon the state's representations and thus has established "cause" for any failing to bring his *Brady* claim in state court. As the Supreme Court stated with respect to Banks:

> Banks's prosecutors represented at trial and in state postconviction proceedings that the state had held nothing back. Moreover, in state postconviction court, the State's pleading denied that Farr was an informant . . . It was not incumbent on Banks to prove these representations false; rather, Banks was entitled to treat the prosecutor's submissions as truthful. Accordingly, Banks has shown cause for failing to present evidence in state court capable of substantiating his Farr *Brady* claim.

*Id.* at 698.

As to the showing of "prejudice" to excuse procedural default, "coincident with the third *Brady* component (prejudice), prejudice within the compass of the 'cause and prejudice' requirement exists when the suppressed evidence is 'material.'" *Id.* at 691. Respondents do dispute that the evidence withheld was "material" within the

context of *Brady* and therefore the "prejudice" component is simultaneously established.

The state attempted to hide its true dealings with Gaskins at every turn in the state proceedings. At trial and in state post-conviction proceedings, the prosecutor falsely insisted that everything had been disclosed. The state's misrepresentations during Batty's trial and state post-conviction proceeding led Batty to his current predicament of being in Federal court with unexhausted claims. It is disingenuous for Respondents to now argue that Batty must return to state court to exhaust claims that were not litigated in State court due to the misdeeds of the state. Batty has been incarcerated for approximately 13 years, and nearly three years have passed since undersigned counsel was appointed to represent Batty in this Court. That the state would put form over substance and seek Batty's continued incarceration for what could be several more years of litigation in state court renders Respondents' position all the more unjust.

For the foregoing reasons, Petitioner strenuously opposes the State's Motion to Stay and Hold Federal Habeas Corpus Proceedings in Abeyance Pending Exhaustion of State Remedies.

Respectfully submitted,

S/_____
Michael E. Lawlor
Sicilia C. Englert
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2007, a copy of the foregoing Reply was delivered, via ECF, to Edward J. Kelly, Esquire, Office of the Attorney General, Criminal Appeals Division, 200 Saint Paul Place, Baltimore, Maryland 21202.

S/_____
Michael E. Lawlor