IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS BATTY, #507566, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al., | * | |
| Respondents. | * | |

\* \* \* \* \*

REPLY TO PETITIONER BATTY'S OPPOSITION TO RESPONDENTS' MOTION
FOR STAY AND TO HOLD FEDERAL HABEAS CORPUS PROCEEDINGS IN
<u>ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES</u>

Respondents, James V. Peguese, former Warden of the Maryland House of Correction-Annex,[1] and Douglas F. Gansler, the Attorney General of the State of Maryland, by undersigned counsel, hereby reply to Petitioner Louis Batty's counseled response in opposition to Respondents' motion for stay and to hold his federal habeas corpus proceedings in abeyance pending exhaustion of state remedies.

In his response to Respondents' request for a stay and abeyance of proceedings, Batty relies almost solely on the Supreme Court's holding in *Banks v. Dretke*, 540 U.S. 668 (2004), a pre-AEDPA case, and openly questions Respondents' failure to cite this authority in its motion. Response at 2. As a threshold, however, it appears from the *Banks* appellate decisions that both the Court of Appeals for the Fifth Circuit and the United States Supreme

---

[1] The Maryland House of Correction - Annex is now known as the Jessup Correctional Institution, and the current warden of that institution is Robert Koppel.

Court presumed that state court relief was unavailable to Banks for his unexhausted claim and therefore treated the claim as procedurally defaulted. *See Banks v. Dretke*, 540 U.S. at 690-98 (applying cause and prejudice standard to review claim which the Fifth Circuit, *Banks v. Cockrell*, 48 Fed. Appx. 104, 2002 WL 31016679, *10, *37 (5th Cir. 2002), found procedurally barred based on non-exhaustion); *see also Walker v. Kelly*, 195 Fed. Appx. 169, 180 (4th Cir. 2006) (Williams, dissenting) (explaining that *Brady* claim, for which the majority found cause and prejudice to excuse procedural default, had been previously rejected by the state habeas court on procedural grounds). The same is not true here because no state court has ruled on Batty's unexhausted claims, and, as has been set forth previously and as further discussed below, there remains a reasonable possibility that Batty can secure review of his unexhausted claims in the Maryland state courts. *See*, *e.g.*, *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (federal claim may be treated as exhausted if it is "clear" that state court would treat it as procedurally barred if presented to a state court), *cert. denied*, 531 U.S. 1193 (2001); *see also Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001) (holding that unexhausted claim should be treated as procedurally defaulted only if it is entirely clear that the state court would refuse to consider the merits of the claim if petitioner returned to state court).

Moreover, it is quite clear that whether federal habeas corpus proceedings should have been stayed was not at issue in *Banks*, and, in fact, the stay and abeyance procedure for exhausting state remedies was not sanctioned by the Supreme Court until its subsequent holding in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, like here, the habeas petition

before the district court contained both exhausted and unexhausted claims. *Id*. at 272. By the time the federal district court reached its determination as to the exhaustion issue, AEDPA's one-year statute of limitations period, which is not tolled during the pendency of federal proceedings, had expired. *Id*. at 272-73. Rather than dismiss the petition or require Rhines to pursue only his exhausted claims, the district court granted Rhines's request to stay the federal proceedings while he pursued state court remedies related to his unexhausted claims. *Id*. The State immediately appealed the stay order, and the order was vacated by the Court of Appeals for the Eighth Circuit, which found the stay impermissible as a matter of law. *Id*. at 273; *see also Rhines v. Weber*, 346 F.3d 799, 800 (8th Cir. 2003).[2]

The Supreme Court granted Rhines's request for further review and ultimately vacated the Eighth Circuit's determination that staying a "mixed" habeas petition was always impermissible. *Rhines v. Weber*, 544 U.S. at 279. In reaching this determination, the Court fully embraced its earlier pronouncement that "total exhaustion" of state remedies relating to federal habeas corpus claims was the only means to protect the overriding interests of comity and federalism:

> Fourteen years before Congress enacted AEDPA, we held in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. We reasoned that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. *Id.,* at 518-519, 102 S.Ct. 1198. We noted that "[b]ecause 'it would be unseemly in our dual system of

---

[2]The Eighth Circuit reviewed the interlocutory appeal of the stay ruling under the collateral order doctrine. 346 F.3d at 800.

> government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." *Id.,* at 518, 102 S.Ct. 1198 (quoting *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). That doctrine " 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' " 455 U.S., at 518, 102 S.Ct. 1198.
>
> Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. *Id.,* at 522, 102 S.Ct. 1198.

*Id.* at 276.

Noting that AEDPA's one-year statute of limitations presented a conflict for petitioners who filed a "mixed" petition, the Supreme Court declared that stay and abeyance was a proper procedure when implemented in the appropriate circumstances. *Id.* at 277-78. As to when the appropriate circumstances arise, the Court stated:

> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*Id.* at 277.

In its Memo to Counsel dated December 5, 2007, this Court found that there was good

cause for Batty's admitted failure to raise his unexhausted claims in state court, and this Court similarly found that the unexhausted claims are not plainly meritless. Thus, under *Rhines v. Weber*, the appropriate circumstances for a stay are presented. In fact, Batty's only stated exception to the stay is delay, *see* Response at 4, which is not a controlling factor. *Rhines v. Weber*, 544 U.S. at 269-79. And, notably, Batty has never alleged that the state court previously denied him full opportunity to present or develop any and all claims, nor has he alleged that state process is currently unavailable to him, or that such process would not provide him full, fair, and effective review of his currently unexhausted claims. *See* 28 U.S.C. § 2254(b)(1) (an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted state court remedies unless there is an absence of state corrective process, or circumstances exist that render such process ineffective to the rights of the applicant).[3]

By issuing a stay and directing Batty to litigate his unexhausted claims in state court, this Court will promote the overriding interests of comity and federalism while causing no compromise to Batty's federal habeas corpus rights. To the contrary, the issuance of a stay only insures that the state court in which Batty was convicted be given its rightful opportunity

---

[3]Notwithstanding Batty's assertion to the contrary, *see* Response at 3-4, Respondents, for the reasons articulated in their response to Batty's supplemental petitions, do dispute the materiality of the alleged non-disclosure, given that Gaskins was impeached thoroughly by the defense at Batty's trial. Respondents accept, however, solely for the purposes of their request for a stay, that this Court disagrees with Respondents' position, and that, under the circumstances, the "good cause" and "not plainly meritless" standards of *Rhines v. Weber* have been met.

to pass on Batty's constitutional challenge to that judgment before this Court does so. *See Wise v. Warden*, 839 F.2d 1030, 1033 (4th Cir. 1988) ("For the [exhaustion] doctrine to accomplish its purposes, the state courts must be given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [a petitioner's] constitutional claim.") (citations omitted); *see also*, *e.g.*, *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)) ("'Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.'"). In fact, where, as here, viable state court remedies exist for Batty to present his unexhausted claims, a stay pending exhaustion of those remedies is the appropriate, if not the compulsory, course. *See Canales v. Quarterman*, 2007 WL 922150 (E.D. Tex. March 23, 2007) (citing both *Banks* and *Rhines* and directing the staying of proceedings, rather than applying doctrine of procedural default, where viable state court relief remained for unexhausted prosecutorial misconduct claim); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *see also* Md. Code Ann., Crim. Proc. Art., § 7-104 (2007) (providing that post conviction proceeding may be reopened in the interests of justice); *Baker*, 220 F.3d at 290-91 (recognizing that a motion to reopen post conviction proceedings is a means to exhaust claims under Maryland law); *Booth v. State*, 346 Md. 246, 247 (1997) (ordering circuit court to reopen post conviction proceedings to

consider Booth's *Brady* claim on its merits).  In sum, because there remains a reasonable possibility that Batty can secure review of his currently unexhausted claims in the Maryland state courts, this case should be stayed until that process is completed.  Accordingly, the requested stay should issue.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Respondents' initial motion, this Court should stay the case and hold proceedings in abeyance until Batty fully exhausts his admittedly unexhausted claims in state court.

Respectfully submitted,

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039


Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2008, a copy of the foregoing Reply to Response in Opposition to Motion to Stay and Hold Habeas Corpus Proceedings in Abeyance Pending the Exhaustion of State Remedies, which was electronically filed on January 4, 2008, was mailed, first class, postage prepaid, to Michael E. Lawlor, Esquire, Lawlor & Englert, LLC, 6305 Ivy Lane, Suite 704, Greenbelt, MD 20770.

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General