IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS BATTY, | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No.   JFM-03-335 |
| | * | |
| JAMES V. PEGUESE, WARDEN, et al. | * | |
| | * | |
| Respondents | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUR-REPLY TO RESPONDENT'S REPLY TO PETITIONER BATTY'S OPPOSITION TO RESPONDENT'S MOTION TO STAY AND HOLD FEDERAL HABEAS CORPUS PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner Louis Batty, through counsel, Michael E. Lawlor and Sicilia C. Englert, Lawlor & Englert, LLC, files this Sur-Reply to Respondent's Reply to Petitioner Batty's Opposition to Respondent's Motion to Stay and Hold Federal Habeas Corpus Proceedings in Abeyance Pending Exhaustion of State Remedies, filed on January 4, 2008.

As an initial matter, this Court should consider the claim exhausted so as to permit review in this Court, as Batty's *Brady* claim was fairly presented to the Maryland state courts. Indeed, Batty now seeks to merely to expand the record with additional facts to support his *Brady* claim as is within this Court's discretion to grant. Further, as the Court has indicated previously, Batty has made a sufficient

showing of cause and prejudice to excuse any default, permitting a merits decision by this Court.

Exhaustion requires that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 278 (1971). In the state post-conviction court, Mr. Batty alleged that the state withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Following a hearing, the state post-conviction court denied Mr. Batty's petition. Mr. Batty's Application for Leave to Appeal From Denial of Post Conviction Relief was denied and Maryland provides for no further review of a post-conviction decision.[1] The state courts of Maryland have had an opportunity to review Batty's *Brady* claim on the same legal grounds as is raised in this Court, and his claim is exhausted.

That additional evidence was uncovered in the course of Federal habeas proceedings does not alter the fact that Batty fulfilled the exhaustion requirement. Indeed, district courts have the power to grant an evidentiary hearing in which,

---

[1] Respondents' suggestion that there is a "reasonable probability" that the State court will permit Batty to reopen his prior post-conviction is specious, at best. Maryland law permits a defendant but one post-conviction proceeding. While the post-conviction statute permits a reopening of post-conviction proceedings, a petitioner is not guaranteed counsel or a hearing on the Motion, and reopening is to be granted only when it is "in the interests of justice" to do so. That standard has yet to be defined by the Maryland appellate courts, at least in the context of this case. Given the state of Maryland law, and these proceedings, it is as likely as not that any claim submitted at this time by Batty would be deemed procedurally defaulted.

presumably, new evidence will be uncovered. In *Vasquez v. Hillary*, 474 U.S. 254 (1986), the habeas petitioner alleged in state court and subsequently in federal court, that blacks had been systematically excluded from the grand jury in violation of his right to equal protection. *Id.* at 256. During Federal habeas proceedings, the petitioner presented affidavits and statistical analysis supporting his claim that was not presented in state court. The state alleged that the new submissions "drastically" altered the petitioner's claim and required that it be reviewed first by the state courts. *Id.* at 257. The United States Supreme Court rejected the state's argument. "We have never held that presentation of additional facts to the district court, pursuant to that court's directions, evades the exhaustion requirement when the prisoner has presented the substance of his claim to the state courts." *Id.* at 257-58.

This interpretation of the exhaustion requirement was reaffirmed in *Banks v. Dretke*, 540 U.S. 668 (2004), in which the Supreme Court briefly but directly addressed exhaustion:

> To pursue habeas corpus relief in federal court, Banks first had to exhaust "the remedies available in the courts of the State" . . . Banks alleged in his January 1992 state-court application for a writ of habeas corpus that the prosecution knowingly failed to turn over exculpatory evidence involving Farr in violation of Banks's due process rights . . . Banks thus satisfied the exhaustion requirement as to the legal ground for his Farr *Brady* claim.

*Banks*, 540 at 690 (internal citations omitted).  Banks had raised his *Brady* claim in state post-conviction proceedings and therefore satisfied the exhaustion requirement notwithstanding the new evidence uncovered in federal court.  *See also, Satterlee v. Wolfenbarger*, 453 F.3d 362, 365-66 (6th Cir. 2006) (holding that claim of ineffective assistance of counsel for failure to communicate a plea offer  remained exhausted despite evidence of new plea offer not presented in state court because the new evidence did not "fundamentally alter" the claim).

In this case, Batty raised his *Brady* claim regarding Gaskins in state post-conviction proceedings.  However, as was the case in *Banks*, new evidence has surfaced subsequently in the course of Federal habeas proceedings.  Like the petitioner in *Banks*, Batty had satisfied the exhaustion requirement when he presented his *Brady* claim to the state post-conviction court.  The additional evidence that has come to light regarding the state's favorable treatment of Gaskins does not render Batty's claim unexhausted. [2]

---

[2]  The State contends that "it appears" that "the United States Supreme Court presumed that state court relief was unavailable to Banks for his unexhausted claim and therefore treated the claim as procedurally defaulted."  See Government's Reply at p. 1-2 (citing *Banks v. Dretke*, 540 U.S. at 690-98).  As previously stated, the Supreme Court deemed Banks's petition exhausted.  Furthermore, there is little support for the contention that the Court presumed that Banks's claim was procedurally defaulted, the Court was aware that Banks had filed several state post-conviction petitions, *Banks*, 540 U.S. at 682, and that the pending Federal habeas petition before the Court stemmed from Banks's third

The State attempts to argue that the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), somehow erodes the *Banks* decision so that this Court should stay the federal proceedings and force Mr. Batty to return to state court to relitigate his *Brady* claim. *Rhines*, however, has no such effect on the *Banks* decision. In *Rhines*, there was no dispute that the petitioner had presented a mixed petition with some claims unexhausted. The only question before the Court was whether the district court had discretion to stay a mixed petition so that a petitioner could preserve federal review of his claims.

In this case, Mr. Batty's *Brady* claim was litigated in state court and is exhausted. Alternatively, as previously argued, Mr. Batty is excused for not having presented evidence of Gaskins's favorable treatment in his escape and handgun possession cases because the state withheld the evidence. The state was duty bound to disclose the full extent of the Gaskins agreement. It refused to make full disclosure to Batty and his counsel prior to trial, permitted witnesses to testify falsely about the nature of the agreement made with Gaskins, lied to the state post-conviction

---

state post-conviction petition. *Id.* at 682. The *Banks* opinion contains no discussion that Banks was procedurally barred from bringing another post-conviction petition in state court, and the Court's application of the cause and prejudice doctrine was not conditioned upon a finding that Banks had no recourse in state court.

court about the extent of its disclosure, and pleaded in this Court to preclude further discovery of the agreements with Gaskins.  In the face of it the misdeeds of any number of State actors, Respondents have the audacity to put form over substance, all the while ignoring the fault of the State for any failure to exhaust, and ask this Court to erect additional hoops for Mr. Batty to jump through.

Louis Batty has now served over 13 years in a maximum security prison following a trial stained by lies and injustice.  To erect additional procedural barriers to his request would reward the State for its egregious conduct in this case.  Had Batty been at fault for his failure to raise all facts relating to his *Brady* claim, remand to the State court might be proper.  But as Batty's hands are clean and his pursuit of relief has been diligent,  Mr. Batty urges this Court not to so reward the State and instead to deny Respondents' Motion to Stay and Hold Federal Habeas Corpus Proceedings in Abeyance Pending Exhaustion of State Remedies.[3]

---

[3] The issue of fault is one Respondents completely ignore.  At its core, the decision to grant or deny Respondents' stay request rests on the issue of fault.  This Court should deny Respondents' Motion as the State is at fault for any failure to exhaust by Batty.  In Rhines v. Weber, as in Canales v. Quarterman, the State was not at fault for the failure of the petitioner to exhaust the claims presented in the Federal habeas case. In Banks and its progeny, the State was at fault for the failure to exhaust which led to the finding of cause and prejudice.

Respectfully submitted,

S/_____
Michael E. Lawlor
Sicilia C. Englert
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2008, a copy of the foregoing Reply was delivered, via ECF, to Edward J. Kelly, Esquire, Office of the Attorney General, Criminal Appeals Division, 200 Saint Paul Place, Baltimore, Maryland 21202.

S/_____
Michael E. Lawlor
