IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS BATTY, #507566, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. JFM-03-335 |
| JAMES V. PEGUESE, WARDEN, et al., | * | |
| Respondents. | * | |

\* \* \* \* \*

RESPONSE TO PETITIONER BATTY'S SUR-REPLY
IN OPPOSITION TO RESPONDENTS' MOTION FOR STAY AND TO
HOLD FEDERAL HABEAS CORPUS PROCEEDINGS IN
<u>ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES</u>

Respondents, James V. Peguese, former Warden of the Maryland House of Correction-Annex,[1] and Douglas F. Gansler, the Attorney General of the State of Maryland, by undersigned counsel, hereby respond to Petitioner Louis Batty's counseled Sur-Reply in opposition to Respondents' motion for stay and to hold his federal habeas corpus proceedings in abeyance pending exhaustion of state remedies. As discussed below, the memoranda submitted by the parties have now made patently clear that issuance of the requested stay is the only appropriate course in this case, and therefore the stay should issue.

---

[1] The Maryland House of Correction - Annex is now known as the Jessup Correctional Institution, and the current warden of that institution is Robert Koppel.

> **A.    Petitioner Batty's *Brady* claims, as they relate to the Baltimore County escape charge and the Baltimore City handgun charge, clearly are not exhausted.**

Petitioner Batty's initial sur-reply argument, that he has exhausted his current *Brady* claims as they relate to the Baltimore County escape charge and the Baltimore City handgun charge, *see* Sur-Reply at 1-5, is not only wrong as a matter of fact, but also presents convincing confirmation that the requested stay should issue. Simply by making the argument that his claims are fully exhausted, Petitioner Batty, by inference, acknowledges, as Respondents have argued, that total exhaustion is necessary before he proceeds on these claims in this Court. Petitioner Batty's eleventh hour attempt to portray his claims as exhausted so as to satisfy this requirement is indefensible.

Until this point, in fact, the parties, including Petitioner Batty, *see, e.g.*, Paper 87, have proceeded on the basis that the *Brady* claims, as they relate to the Baltimore County escape charge and the Baltimore City handgun charge, were not presented to a state court, and therefore, were not exhausted. And, there can be no doubt, that these entirely new allegations are substantially different from the allegations raised by Petitioner Batty in state court, and, as this Court has indicated previously, *see* Paper 83, there can be no doubt that these new claims substantially alter Petitioner Batty's legal position in relation to his entitlement to collateral relief.

The cases cited by Respondents in their initial motion requesting the stay demonstrate that, where, as here, the evidence developed for the first time in federal court places the petitioner's claims in significantly different legal posture, the exhaustion doctrine requires

that the evidence first be presented to the appropriate state courts. *See Wise v. Warden*, 839 F.2d 1030, 1033 (4th Cir. 1988) (directing petitioner to exhaust newly presented *Brady* claim in state court on the basis that the "state courts of Maryland, in which Wise's trial was conducted and which have entertained seven petitions for post-conviction relief, are entitled to the opportunity to assess both the procedural posture of the claim and, if warranted, its merits"); *see also Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (although habeas corpus petitioner will be allowed to present "bits of evidence" to federal court that were not presented to state court that first considered the claim, pursuant to exhaustion doctrine, evidence that places claims in significantly different legal posture must first be presented to state courts); *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.) (holding that "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of previously asserted legal theory" be first presented to state court), *cert. denied*, 479 U.S. 1010 (1986).  This is because the very purpose of the exhaustion doctrine is to allow state courts to review in the first instance the substantive constitutional challenges to the judgments of conviction rendered in their jurisdiction. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000)  (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)) ("'Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.'").  Thus, assuming this Court even entertains the argument presented, this Court should conclude that Petitioner Batty's *Brady* claims, as they relate to the Baltimore County escape charge and the Baltimore

3

City handgun charge, are, as has been previously accepted, unexhausted.

    **B.    Petitioner Batty's *Brady* claims, as they relate to the Baltimore County escape charge and the Baltimore City handgun charge, should not be treated as procedurally defaulted where, as here, there remains a reasonable possibility of state court review.**

Equally unavailing is Petitioner Batty's alternative argument that his newly advanced *Brady* claims should be treated as procedurally defaulted because there exists no viable state recourse to present these unexhausted claims. *See* Sur-Reply at 2 n.1. And, in fact, Petitioner Batty's own words significantly undermine what amounts to an unsustainable position.

As Respondents have noted previously, the test for determining whether a claim not previously presented to a state court is procedurally defaulted is whether it is "clear" that, if the claim were presented, the state court would treat the claim as procedurally barred. *See*, *e.g.*, *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (federal claim may be treated as exhausted if it is "clear" that state court would treat it as procedurally barred if presented to a state court), *cert. denied*, 531 U.S. 1193 (2001); *see also Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001) (holding that unexhausted claim should be treated as procedurally defaulted only if it is entirely clear that the state court would refuse to consider the merits of the claim if petitioner returned to state court). In his Sur-Reply, as to the current viability of state court relief for his unexhausted claims, Petitioner Batty writes: "Given the state of Maryland law, and these proceedings, it is as likely as not that any claim submitted at this time by Batty would be deemed procedurally defaulted." *See* Sur-Reply at 2 n. 1 (emphasis

added). Thus, Petitioner Batty essentially concedes that further state proceedings are not clearly futile; rather, by even his own measure, it is just as likely that the state court will reopen his post conviction proceedings and consider his previously unraised claims on their merits as it will find these claims defaulted for procedural reasons. *Id*.

Given the unique circumstances of this case, Petitioner Batty surely understates the likelihood that a state court will reopen his state post conviction proceedings to consider his unexhausted *Brady* claims on their merits. Regardless, by any measure, it is by no means clear that the state court will deny him that process. Therefore, these claims should be treated by this Court as unexhausted, as opposed to procedurally defaulted, and the appropriate course is to stay the case pending the exhaustion of the available state court remedies.

Petitioner Batty's assertion that staying the case rewards "the State for its egregious conduct," s*ee* Sur-Reply at 6, is inherently flawed as it wrongly equates the State of Maryland and its courts, against which there is no allegation of wrong doing, with the prosecution team that Petitioner Batty has charged with malfeasance. Most certainly, the overriding concern of the AEDPA's exhaustion doctrine is providing <u>the state and its courts</u> with an opportunity to review constitutional challenges to convictions rendered in their jurisdiction before those same claims are reviewed by a federal court, *see, e.g.*, *Williams, supra*, and, in this case, that compulsory review process has not yet occurred. By granting the requested stay, this Court can cure this structural deficiency.[2]

---

[2]To be sure, the exhaustion doctrine is not concerned with the expectations or inclinations of <u>the prosecution</u>, and the benefit, if any, the prosecution derives from being able to develop its case in the same court in which a conviction was rendered is purely

Petitioner Batty's attempt to distinguish *Rhines v. Weber*, 544 U.S. 269 (2005), and *Canales v. Quarterman*, 2007 WL 922150 (E.D. Tex. March 23, 2007), on the basis of "fault," *see* Sur-Reply at 6 n.3, is similarly meritless. While the conduct of the prosecution may be a concern in assessing whether to excuse a clear procedural default, *see, e.g., Banks v. Dretke*, 540 U.S. 668 (2004), it is not material in assessing whether a specific habeas corpus claim is fully exhausted. Rather, as was discussed more specifically in *Quarterman*, the essential concern in an exhaustion analysis is the existence of viable state recourse for the claim(s) at issue, which, in this case, is a factor that strongly favors issuing the stay. *See* Md. Code Ann., Crim. Proc. Art., § 7-104 (2007) (providing that post conviction proceeding may be reopened in the interests of justice); *Booth v. State*, 346 Md. 246, 247 (1997) (ordering circuit court to reopen post conviction proceedings to consider Booth's *Brady* issue on its merits). Although excuse of the exhaustion doctrine might be considered if, after Petitioner Batty returns to state court, there is "inexcusable or inordinate delay" by the state courts in processing his claims for relief, that concern clearly is not yet at issue here. *See Wojtczak v. Fulcomer*, 800 F.2d 353, 354-56 (3rd Cir. 1986) (excusing exhaustion requirement due to inordinate delay attributed to the state court system); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir.) (while excuse of exhaustion requirement may be proper when "the state's procedural machinery is rendered ineffective by overly sophisticated technicalities and self-imposed limitations," it is not excused when there exists a means under state law of raising the question sought to be presented to the federal district court),

---

ancillary to the exhaustion requirement.

*cert. denied*, 434 U.S. 929 (1977).

To the contrary, as it stands, there is simply no reason to believe that the state court, which undeniably granted Petitioner Batty full opportunity to present and litigate any and all claims in his prior petition for post conviction relief, would not provide him full, fair, and timely review of his currently unexhausted claims if they were presented to it. In this regard, Petitioner Batty's overwhelming reluctance to return to state court is inconsistent entirely with the force with which he argues the merits of his claims. It must be presumed that the state court, once presented with these claims, will act in accord with what the record and the prevailing law dictates. In the event the state circuit court rules adversely to Petitioner Batty, he can challenge that result, first through the state appellate process, and then, if necessary, by reactivating the proceedings in this Court after the state process is completed. This is the procedure that the AEDPA contemplates, *see* 28 U.S.C. § 2254 (b) & (c), and this is the procedure that this Court should effectuate through its orders. *See, e.g., Wojtczak*, 800 F.2d at 354 ("Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal."); *Patterson*, 556 F.2d at 1170 (quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)) ("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."). Accordingly, the requested stay should issue.

CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Respondents' prior memoranda, this Court should stay the case and hold proceedings in abeyance until Petitioner Batty fully exhausts his unexhausted claims in state court.

                                    Respectfully submitted,

                                    _____/s/_____
                                    EDWARD J. KELLEY
                                    Assistant Attorney General
                                    Bar No. 27039

                                    Office of the Attorney General
                                    Criminal Appeals Division
                                    200 Saint Paul Place
                                    Baltimore, Maryland  21202
                                    (410) 576-7964 (telephone)
                                    (410) 576-6475 (telecopier)

                                    Counsel for Respondents

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2008, a copy of the foregoing Response to Sur-Reply in Opposition to Motion to Stay and Hold Habeas Corpus Proceedings in Abeyance Pending the Exhaustion of State Remedies, which was electronically filed on January 23, 2008, was mailed, first class, postage prepaid, to Michael E. Lawlor, Esquire, Lawlor & Englert, LLC, 6305 Ivy Lane, Suite 704, Greenbelt, MD 20770.

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General