**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

January 25, 2008

MEMO TO COUNSEL RE: Louis Batty v. James V. Peguese, et al.
Civil No. JFM-03-335

Dear Counsel:

     I have reviewed the numerous memoranda submitted in connection with Respondents' Motion for Stay and to Hold Federal Habeas Proceedings in Abeyance Pending Exhaustion of State Remedies. I understand Batty's legitimate desire to have the issues raised by this protracted litigation decided promptly, once and for all. I have concluded, however, that Respondents' motion should be granted.

     Batty raised a *Brady* claim in his prior state post-conviction proceeding that generically is related to the *Brady* claim developed in this Court in that it is based upon the State's non-disclosure of the various benefits provided to Gaskins to obtain his testimony against Batty. However, thanks to the diligence of Batty's counsel in this Court, many new facts were presented to me that were unavailable to the state post-conviction court when it denied Batty's state post-conviction motion.[1] In my judgment, these new facts are so significant that they, as a practical matter, changed the nature of Batty's claim and, in the interests of comity and federalism, the state court should have an opportunity to rule upon the merits of the claim if, under Maryland law, it is authorized to do so. *Cf. Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (determining that if new facts presented for the first time on federal review do not "fundamentally alter" the claim, respondent need not return to state court to exhaust); *Wise v. Warden*, 839 F.2d 1030, 1033 (4th Cir. 1988) (concluding that where new evidence places a claim "in a significantly different and stronger evidentiary posture than it was when the state court considered it," it is not exhausted.").

     Under Md. Code Ann., Crim. Proc. Art., § 7-104 (2007), a state court may reopen a post-conviction proceeding "in the interests of justice." Respondents have taken the position that this

---

[1] As I have previously ruled, Batty is not responsible for having not fully developed his claim in this state post-conviction proceeding because the State's own failure to comply with its *Brady* obligations – both at trial and during the state post-convictions proceeding – was the source of the undeveloped record at the state level.

provision authorizes a state court to reopen Batty's state post-conviction proceeding to consider his *Brady* claim as it has now been developed in this Court. It seems to me that this position is somewhat problematical because it would seem to imply that whenever significant new facts are developed in a federal habeas proceeding, the state proceeding should be reopened. Thus, adoption of that interpretation of section 7-104 would appear to impose a substantial burden upon the state court system and frustrate the interests of finality. However, I take Respondents at their word, and I assume that when Batty moves to reopen his state court proceeding, they will agree that it should be reopened. Of course, the state court may itself take a different view of section 7-104, finding that the "interests of justice" provision does not apply when a federal court has pending before it a fully briefed habeas petition raising precisely the same issues sought to be re-opened in the state post-conviction proceeding. In that event, Batty may immediately return to this Court, having then exhausted his available state remedies.

      In reaching my decision, I recognize that Batty has already been held in custody for over 13 years based upon a conviction that, on the record as it now exists before me, I believe was unconstitutionally obtained because of a clear and disturbing *Brady* violation. *See* Letter Order, Re: Batty v. Peguese, dated Dec. 4, 2007. Under these circumstances, the "adequacy" of any remaining state remedy depends upon that remedy being expeditiously provided. Therefore, I also direct the parties to provide me every forty-five days with a report on the status of Batty's state court proceeding. If at any time Batty concludes that unreasonable delay is occurring in resolution of that proceeding, he may request that I rescind my order granting the stay I am entering. I will take such a request seriously. However, respecting, as I do, both the Maryland courts and the Attorney General's Office of Maryland, I expect that no such delay will occur. If my conclusion, based upon the record now before me, that a *Brady* violation has occurred is correct, it is time that the Attorney General's Office immediately acknowledge that fact and take appropriate action or, failing such an acknowledgment, that the state courts promptly provide Batty with appropriate relief.

      Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

      Very truly yours,

      /s/

      J. Frederick Motz

United States District Judge